FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC -2 AM 10: 23

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 99-329 |
| LEVAY BALLET | SECTION: I |

### ORDER AND REASONS

Before the Court is a motion filed by pro se petitioner, LeVay Ballet, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]  For the following reasons, the motion is **DENIED**.

On April 13, 2000, defendant, LeVay Ballet, pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 841 and § 846. On January 17, 2001, defendant was sentenced to a term of imprisonment of 141 months. On January 29, 2001, Ballet, represented by Pierce Hammond, II, Esq., filed a timely notice of appeal.[2] On September 11, 2002, the United States Court of

---

[1] Rec. Doc. No. 509.

[2] Rec. Doc. No. 444.  On appeal, Ballet was represented by Sally Fleming, Esq.  See Fifth Circuit Court of Appeal docket no. 01-30162.

Appeals for the Fifth Circuit entered and filed its judgment affirming the conviction and sentence.[3] On April 5, 2004, Ballet filed his § 2255 motion.[4]

### Law and Analysis

Section 2255 permits a prisoner in federal custody to "move the court which imposed the sentence to vacate, set aside or correct the sentence." Id. "A section 2255 motion . . . 'provides the primary means of collateral attack on a federal sentence.'" Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). Relief pursuant to § 2255 may be warranted "for errors cognizable on collateral review that occurred 'at or prior to sentencing.'" Id. (quoting Cox, 911 F.2d at 1113)).

In the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year limitations period governing motions to vacate, set aside, or correct sentences. 28 U.S.C. § 2255, ¶ 6. Pursuant to that provision, the one-year limitations period may be triggered by four different events:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;

---

[3] Id.

[4] Rec. Doc. No. 509.

-2-

>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Only subsection (1) of the foregoing provision is relevant in this case.

Petitioner's motion, filed on April 5, 2004, was filed more than one year after his conviction became final and, therefore, the motion is untimely pursuant to § 2255, ¶ 6(1). The Fifth Circuit has held that because the limitations period in § 2255 is not jurisdictional, the limitations period may be equitably tolled. *See e.g., Cousin v. Lensing*, 310 F.3d 843, 847-48 (5th Cir. 2002). However, equitable tolling is justified only in "rare and exceptional circumstances." *See id.* at 848.

Petitioner recognizes that his motion was brought more than one year after his conviction became final, but he argues that the one-year period should be equitably tolled and his motion should be considered timely because he allegedly did not receive notice from his attorney or from the Fifth Circuit that his direct appeal had been denied. In response to petitioner's

motion, the government argues that the motion is untimely and that the circumstances of petitioner's motion do not warrant equitable tolling.

As set forth above, equitable tolling of the one-year limitations period applicable to § 2255 motions "is permitted only 'in rare and exceptional circumstances.'" *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). While a petitioner's reasonable reliance on his attorney's intentional deception may warrant equitable tolling, *see United States v. Wynn*, 292 F.3d 226, 230-31 (5th Cir. 2002), mere attorney error or neglect is not an extraordinary circumstance which would warrant invoking equitable tolling. *See Lensing*, 310 F.3d at 849. Likewise, "a petitioner's ignorance or mistake is insufficient to warrant equitable tolling." *Id.*

On direct appeal, petitioner was represented by counsel. Petitioner's motion does not suggest that his attorney gave him incorrect legal advice regarding the time for filing his § 2255 motion[5] which, by itself, would not make equitable tolling appropriate. *See Riggs*, 314 F.3d at 799. Nor does petitioner's motion allege that his attorney intentionally misinformed him regarding either the status of his appeal or the filing of a §

---

[5] Petitioner attaches a letter from his attorney stating that he should have received a copy of the opinion denying his appeal. *See* Rec. Doc. No. 509, ex. C.

2255 motion. Rather, petitioner contends that his attorney neglected to inform him that the Fifth Circuit had denied his appeal. Any neglect on the part of petitioner's counsel does not warrant equitable tolling of § 2255's one-year limitations period. Moreover, petitioner's own neglect or ignorance with respect to the status of his appeal does not constitute exceptional circumstances which would permit the one-year limitations period to be equitably tolled.

Accordingly, for the above and foregoing reasons,

**IT IS ORDERED** that the petitioner's motion to vacate, set aside, or correct his sentence is **DENIED**.

Houston, Texas, December  1 , 2005.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE